# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

ARTIMUS DAVIS[1], )
)
    Plaintiff, )
)
v. ) No. 4:10CV2312 JCH
)
UNKNOWN MOODY, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 70650), an inmate at Fulton State Hospital, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.23. <u>See</u> 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

---

[1]Plaintiff's first name appears to be misspelled on the Court's docket.

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $6.17, and an average monthly balance of $.36. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.23, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Unknown Moody (correctional officer); Unknown Rodgers (correctional officer); Unknown Eames (correctional officer); Unknown Howeel (correctional officer); Allen Noel (doctor); Eriphant Chipulupati (public defender); Ball-Tyler (correctional officer); Brian Foote (police officer); and Ronald Bergmann (police officer).

Plaintiff alleges that he was subjected to a false arrest (without a warrant or probable cause) by two police officers, defendants Foote and Bergmann, in 2007. Plaintiff, who admits to being armed with a "kitchen-type knife" during the incident in question, was charged with robbing a Schnuck's store.

Plaintiff alleges that defendant Moody failed to protect him from an altercation with another inmate during his incarceration in the St. Louis City Justice Center in January 2010. Plaintiff admits to fighting with another inmate but states that officer Moody stood and watched him get "beat up." Plaintiff claims that defendant Ball-Tyler acted "unfairly" when she failed to disagree with officer Moody's decision to place him in the "hole" after he was accused of fighting with another inmate. Plaintiff also

believes Ms. Ball-Tyler acted "unfairly" when she gave him 30 days in the "hole," but gave the other inmate he was fighting with only 10 days in the "hole." Plaintiff states, generally, that "the STAFF" then acted unlawfully by placing him in the same housing system with the inmate he had previously fought with.

Plaintiff believes defendant Allen Noel (the "Psych Doctor") acted "unfairly" when he designated him as "special needs" and as a consequence had plaintiff placed in a "special needs" unit where he was not allowed to "walk around" like he was in the "regular dorm." Plaintiff claims that defendant Noel didn't have a real reason for placing him in the special needs unit, but rather, "just wanted to do [him] wrong." Plaintiff complains, generally, that he was tired of being "locked up" in a special cell, but he does not articulate how he was subjected to any more atypical or significant hardships than the general population. Rather, plaintiff complains that while he was in the special needs unit he was forced to deal with officers, like defendant Eames, who "come to work just to treat people in the hole wrong for no reason." Specifically, plaintiff says that when he gets into verbal fights with defendant Eames, Eames may take away his recreation time as a consequence or not allow him to use the telephone. Similarly, plaintiff asserts that defendant Rodgers also works "in the hole," and states that she acted negligently on one occasion by not watching another inmate closely.

Plaintiff claims that because officer Rodgers "went out of her area" too long, the other inmate threw a battery and urine and feces at plaintiff, through his food port.

Plaintiff additionally complains about "the grievance officer," defendant Howeel, who apparently gets into verbal altercations with plaintiff when he asserts that she is not doing "her job in speaking to her fellow officers [he] complains about." Lastly, plaintiff complains that he wants to "fire" his public defender, defendant Chipulupati because he "just won't agree with [him]" as to how to defend his current criminal case.

## Discussion

The complaint fails to state a claim upon which relief can be granted against defendant Chipulupati because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

The complaint is silent as to whether the remaining defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality

or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a municipality was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, many of plaintiff's claims fail to rise to the level of a constitutional violation. To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's complaints that he was treated "unfairly" by several of the correctional officers fails to state a deprivation of either a constitutional or federal statutory right. Moreover, plaintiff's contentions regarding his time in the "hole" or in the "special needs" unit, fail to rise to the level of a constitutional violation as well.

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003).

Plaintiff has made no such allegations. As a result, the complaint is frivolous or fails to state a claim upon which relief can be granted.

Similarly, plaintiff's claims that defendant Howeel acted unfairly in denying his grievances also fails to state a constitutional violation. "A 'grievance procedure does not confer any substantive constitutional right upon prison inmates.'" Bostic v. Babich, 2008 WL 906801 at *7 (E.D.Mo. Apr.3, 2008), quoting Barrett v. Correctional Medical Services, Inc., 2008 WL 413841 at *2 (E.D.Mo. Feb.13, 2008). Therefore, "the denial of grievances, in and of itself, cannot support a substantive constitutional claim." Walls v. Highsmith, 2007 WL 4468694 at *2 (E.D.Mo. Dec.17, 2007), citing Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir.2002); see also Bostic, 2008 WL 906801 at *7 (internal quotations and citations omitted) ("The denial of [a grievance] is insufficient to impose liability and does not result in a constitutional violation.").

Lastly, plaintiff's claims for false arrest against defendants Foote and Bergmann are barred and subject to dismissal under the guidelines set forth in Heck v. Humphrey. As set forth in Heck, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995); Edwards

v. Balisok, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). The Court takes judicial notice of the fact that plaintiff pleaded guilty to theft/stealing in St. Louis County Court on January 29, 2009 and was sentenced to one year imprisonment. See State v. Davis, Case No.07SL-CR3239-01, available on Missouri Case.Net at https://www.courts.mo.gov/casenet. In light of plaintiff's conviction, plaintiff cannot sustain a claim for relief for false arrest in the present action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.23 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of March, 2011.

                                      /s/ Jean C. Hamilton
                                      JEAN C. HAMILTON
                                      UNITED STATES DISTRICT JUDGE